AT DANVILLE, VA
FILED
JUN 18 2007
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JOHNNIE OMAR SPENCER, #312826, <br> Petitioner, | Civil Action No. 7:07cv00112 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON, Director of <br> Virginia Department of Corrections, <br> Respondent. | By: Jackson L. Kiser <br> Senior U.S. District Judge |

Petitioner Johnnie Omar Spencer, a Virginia inmate, has filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Spencer challenges the validity of his convictions in the Circuit Court of Henry County. The petition is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## BACKGROUND/FACTS

On March 15, 2002, Spencer was convicted of second-degree murder, use of a firearm in the commission of a felony, unauthorized use of a vehicle, and possession of a firearm by a convicted felon. He was subsequently sentenced to a total term of imprisonment of 49 years, with 27 years suspended.

Spencer appealed his convictions to the Court of Appeals of Virginia citing two grounds.[1] The Court of Appeals reviewed the evidence in the light most favorable to the Commonwealth, and found it sufficient to sustain Spencer's convictions. On March 12, 2003, the Court of Appeals of Virginia denied his appeal. That decision was adopted by a three-judge panel of the Court of Appeals on May 15, 2003. Spencer then filed a petition for appeal in the Supreme Court of Virginia.

---

[1] His first claim on direct appeal was that the evidence was insufficient to prove he committed second-degree murder. The second claim was that the evidence was insufficient to prove that he used a firearm during the commission of a murder.

Case 7:07-cv-00112-JLK-mfu   Document 14   Filed 06/18/07   Page 1 of 6   Pageid#: 179

The court reviewed the record, found no reversible error, and, on October 17, 2003, the petition for appeal was refused.

On January 12, 2004, Spencer filed a petition for writ of habeas corpus in this court claiming both insufficiency of evidence and also ineffective assistance of counsel. This was the first time Spencer raised claims of ineffective assistance of counsel. By opinion and order entered February 19, 2004, the petition was dismissed without prejudice for failure to exhaust state court remedies.

On October 18, 2004, Spencer, by counsel, filed a petition for writ of habeas corpus in the Circuit Court of Henry County. The petition raised the following claims:

> A. Spencer received ineffective assistance of counsel when his trial attorney failed to discover and/or present the following: (1) evidence from a Commonwealth's witness that the victim had always carried a gun; (2) evidence from the same Commonwealth's witness that, on the night of the shooting, the victim specifically told Spencer that the victim would shoot Spencer; (3) additional evidence from numerous individuals in support of the claims that the victim had previously threatened Spencer's life and had attempted to kill him; (4) evidence of the victim's recent violent acts towards others; and (5) the evidence in (1), (2), (3), and (4) above and argue that, after being "chased down, cornered, and assaulted" by the victim, that Spencer acted under a subjectively reasonable apprehension of harm that negates the malicious intent necessary for murder.
>
> B. Spencer received ineffective assistance of counsel as a result of counsel's errors in Claim A, and the prejudice to Spencer must be viewed in aggregate within the totality of the circumstances.

On June 10, 2006, the Circuit Court of Henry County denied his petition. The court held as to both claims that Spencer had not met his burden, as required by Strickland v. Washington, 466 U.S. 668 (1984), to demonstrate that his attorney's performance was deficient and that he was prejudiced as a result. Spencer appealed this result to the Supreme Court of Virginia, which refused the petition for appeal on December 12, 2006.

Spencer timely filed the instant petition on March 9, 2007. The petition consists of two

claims, both identical to those raised in the Circuit Court of Henry County. The respondent moved to dismiss Spencer's petition on April 10, 2007, arguing that this court should defer to the decision of the state court. Spencer filed a response on May 1, 2007, and the petition is therefore ripe for review.

## ANALYSIS

A court may not grant relief on any claim that the state court has adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000).

Clearly established federal law controlling whether counsel was ineffective states that a habeas petitioner must show both that counsel's performance fell below an objective standard of reasonableness and also that there is a reasonable probability that, but for counsel's alleged deficient performance, the outcome of his case would have been different. Strickland, 466 U.S. at 694. The Circuit Court of Henry County addressed Spencer's claims of ineffective assistance on the merits and dismissed them, finding that both claims failed to meet the prejudice prong of the two-part Strickland test.

### I.   CLAIM A

In Claim A, Spencer contends that trial counsel was ineffective in failing to discover and/or present four pieces of evidence and one legal argument based upon those four pieces of evidence. Spencer alleges that this potential evidence would have supported his claim of self-defense. In adjudicating Claim A, the Circuit Court of Henry County focused on the prejudice prong of the two-

3

part Strickland test. The Circuit Court carefully reviewed the transcript and trial exhibits in light of the additional evidence Spencer alleged in Claim A. The evidence at trial proved that the victim was shot in the back four times, and the only witness to the shooting did not see the victim make any motion "like he was gonna do something" nor did she see the victim in possession of a gun.[2] Furthermore, the witness testified that the victim saw Spencer pull his gun, that the victim began to back away and took a few steps toward his car, and that he asked Spencer, "why you pull out [your gun] on me?" before five or six shots were fired.

The Circuit Court determined that the issue of self-defense was carefully considered at trial, and was rejected because the evidence did not prove that Spencer reasonably feared, under the circumstances as they appeared to him, that he was in danger of being killed or in danger of great bodily harm. The court reviewed the evidence from trial, weighed the credibility of the potential new evidence from Claim A, and determined that this potential evidence would not have altered the trial judge's findings of fact and the conclusion that Spencer did not prove self-defense. The Circuit Court held that because there was no reasonable probability that the outcome of the case would have been different if the alleged evidence from Claim A was presented by counsel at trial, there existed no prejudice as defined by Strickland and, therefore, that the claim must be dismissed.[3]

Upon review of the record and supporting materials, I find that the Circuit Court of Henry Country made a wholly reasonable determination of the facts of this case. The victim made no motion like was about to pull a gun; in fact, he did not even possess a gun at the time of the shooting.

---

[2]This witness, LaCreatia Preston, is the same witness that Spencer alleges could provide the evidence in parts (1) and (2) of Claim A.

[3]The Circuit Court of Henry County largely focused on the prejudice prong of the Strickland test instead of the deficient performance prong, stating that "[e]ven if the failure to present the Claim A evidence would amount to deficient performance, Petitioner has not shown any prejudice."

4

Instead, the victim retreated, asked Spencer why he pulled his gun on him, turned to run a few steps, then was shot repeatedly in the back by Spencer. The potential new evidence set forth in Claim A that the victim always carried a gun is irrelevant inasmuch as Spencer repeatedly stated that he never saw the victim in possession of a gun on the night of the shooting. The second contention in Claim A, that LaCretia Preston, the witness to the shooting, would testify that the victim specifically threatened to kill Spencer on the night of the shooting, was refuted by Preston in her testimony at trial.[4] The remaining contentions made by Spencer in Claim A largely contradict statements that Spencer made to police investigator Mason, that Spencer had "some problems" with the victim in the past, but that he thought "things were alright between them." The alleged evidence set forth by Spencer in Claim A would not tend to alter the facts of the case nor would it alter the finding made by the Circuit Court of Henry County that these facts did not prove self-defense.

Furthermore, I find that the Circuit Court of Henry County reasonably applied its determination of the facts to the Strickland test. The Circuit Court found the potential evidence set forth in Claim A incredible and unconvincing and held that Spencer was not prejudiced as a result of counsel's conduct. The Circuit Court applied the findings of fact to the correct federal law and concluded with certainty that the presentation of the potential evidence from Claim A would not have altered the outcome of the case. There is nothing in the record to suggest that this application of Strickland was unreasonable or that, but for the failure of Spencer's counsel to present the potential evidence, the outcome of the case would have been different. Accordingly, Spencer's Claim A must be dismissed.

---

[4] Preston testified that she heard the victim say, "I'm gonna get you," but did not hear the victim make any specific threat on Spencer's life and did not see the victim in possession of a gun.

5

II. <u>CLAIM B</u>

In Claim B, Spencer contends that he suffered aggregate prejudice as a result of the cumulative effect of counsel's failure to present the evidence and argument set forth in Claim A. In adjudicating Claim B, the Circuit Court of Henry County also focused on the prejudice prong of <u>Strickland</u>. The Circuit Court found that because counsel's five individual failures to present the evidence and argument set forth in Claim A were not enough for Spencer to meet his burden of demonstrating prejudice, as defined under <u>Strickland,</u> then it necessarily follows that the five failures taken collectively in Claim B must fail to meet that burden as well.[5]

Therefore, the court finds that the Circuit Court of Henry County reasonably applied clearly established federal law and that its decision was not based upon an unreasonable determination of the facts. Accordingly, Spencer's Claim B must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a certified copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

**ENTER**: This 18th day of June, 2007.

/s/ Jackson L. Kiser
Senior U.S. District Judge

---

[5] This logic comes from the United States Court of Appeals for the Fourth Circuit in <u>Fisher v. Angelone</u>, 163 F.3d 835, 852 (4th Cir. 1998). In <u>Fisher</u>, the Fourth Circuit stated that when "none of counsel's actions could be considered constitutional error, . . . it would be odd, to say the least to conclude that those same actions, when considered collectively, deprived Fisher of a fair trial." Furthermore, in <u>Mueller v. Angelone</u>, 181 F.3d 557, 586 n.22 (4th Cir. 1999), the Fourth Circuit applied <u>Fisher</u> and concluded that the "cumulative prejudice" argument in state habeas cases was "squarely foreclosed."

Case 7:07-cv-00112-JLK-mfu   Document 14   Filed 06/18/07   Page 6 of 6   Pageid#: 184